Paul L. Westberg
Idaho State Bar No. 1196
**WESTBERG, McCABE & COLLINS, CTD.**
516 West Franklin Street
P.O. Box 2836
Boise, ID 83701-2836

Telephone: (208) 336-5200
Facsimile: (208) 336-2121

ATTORNEYS FOR PLAINTIFFS COREY BARTON HOMES, INC.
and DYVER DEVELOPMENT, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COREY BARTON HOMES, INC., an Idaho corporation, and DYVER DEVELOPMENT, LLC, an Idaho limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> PAULINE V. RICHARDSON, as a single individual; and JANE A. FLAHIFF, as a single individual, <br><br> Defendants. | Case No. _____ <br><br><br> COMPLAINT |

COME NOW the Plaintiffs, by and through their legal counsel, and hereby allege as follows:

COMPLAINT - 1
DYVER-BARTON.Complaint.050908

I.

Corey Barton Homes, Inc., ("CBH") is an Idaho corporation and has its principal place of business in Idaho.

II.

Dyver Development, LLC, ("Dyver") is an Idaho limited liability company whose members are citizens of the State of Idaho.

III.

Pauline V. Richardson ("Richardson") is a citizen of the State of Washington.

IV.

Jane A. Flahiff ("Flahiff") is a citizen of the State of Oregon.

V.

The amount in controversy exceeds $75,000.00, exclusive of costs and attorney fees.

VI.

This Court has jurisdiction pursuant to 28 U.S.C. 1332.

VII.

Plaintiffs CBH and Dyver are entitled to punitive damages equal to at least four times the actual damages but not less than $500,000.00.

VIII.

On April 7, 2005, Richardson and Flahiff caused a Complaint to be filed in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon as Case No.

COMPLAINT - 2
DYVER-BARTON.Complaint.050908

CV05-3626. The Richardson and Flahiff Complaint named Heartland Development, Inc., ("Heartland") as the sole identified defendant. The Richardson and Flahiff Complaint alleged that "John Does," who were not identified, "share in the liability for the acts of Heartland." The Richardson and Flahiff Complaint alleged that certain conduct had occurred in August of 2004, and that Heartland owned real property adjacent to the property of Richardson and Flahiff. Richardson and Flahiff sought damages for Heartland's alleged trespass and a restraining order but did not seek quiet title.

IX.

On July 5, 2007, the state court authorized Richardson and Flahiff to file an Amended Complaint.

X.

On October 3, 2007, Richardson and Flahiff filed an Amended Complaint identifying additional defendants, including the Plaintiffs herein, CBH and Dyver. The Amended Complaint alleged that Dyver was the "reputed owner" of real property adjacent to property of Richardson and Flahiff.

XI.

On December 20, 2007, Richardson and Flahiff caused a *Lis Pendens* to be recorded in the official records of Canyon County, State of Idaho, using the caption of and based upon the October 3, 2007, Amended Complaint naming CBH, Dyver and others as additional defendants. The *Lis*

*Pendens* identifies twenty residential single-family dwelling lots, some bare land and some with homes. The lots and the nature, owner and estimated value of each is as follows:

| | |
|---|---:|
| Lot 1, Block 23<br>Single-family dwelling<br>Owner: Sobotkiewicz<br>Estimated fair market value without *Lis Pendens*: | $145,000.00 |
| Lot 2, Block 23<br>Single-family dwelling<br>Owner: Young<br>Estimated fair market value without *Lis Pendens*: | $170,000.00 |
| Lot 4, Block 23<br>Single-family dwelling<br>Owner: Collins<br>Estimated fair market value without *Lis Pendens*: | $145,000.00 |
| Lot 5, Block 23<br>Single-family dwelling<br>Owner: Bouffard<br>Estimated fair market value without *Lis Pendens*: | $128,000.00 |
| Lot 1, Block 24<br>Single-family dwelling<br>Owner: Hall<br>Estimated fair market value without *Lis Pendens*: | $145,000.00 |
| Lot 2, Block 24<br>Lot 3, Block 24<br>Log 4, Block 24<br>Single-family dwellings<br>Owners: Dyver Development, LLC, and Corey Barton Homes, Inc.<br>Estimated fair market value without *Lis Pendens*: 3 x $140,000.00 = | $420,000.00 |
| Lots 5-16, Block 24<br>Bare lots<br>Owner: Dyver Development, LLC<br>Estimated fair market value without *Lis Pendens*: 12 x $42,900.00 = | <u>$514,800.00</u> |
| Total Estimated Fair Market Value | $1,667,800.00 |

COMPLAINT - 4
DYVER-BARTON.Complaint.050908

XII.

On February 22, 2008, the State District Court entered its Order striking the Amended Complaint and further ordered reversion back to the April 7, 2005, Complaint, thereby leaving Heartland as the only identified defendant.

XIII.

On February 26, 2008, CBH and Dyver, through counsel, sent a letter to Richardson's and Flahiff's legal counsel demanding that the *Lis Pendens* be released. Richardson and Flahiff have refused, failed and neglected to comply with that demand.

XIV.

CBH had a *bona fide* offer on February 27, 2008, for the purchase of Lot 4, Block 24, and could have sold said Lot for the sum of $124,500.00. But in consequence of the filing of the Amended Complaint, the recording of the *Lis Pendens* upon that and the other lots as alleged above, and the refusal to release the *Lis Pendens*, CBH was unable to sell the Lot to the offering purchaser.

XV.

Plaintiffs have also been prevented from perfecting a sale their other lots to any other person. Market values in the area were declining and continue to decline. By reason of the wrongful and malicious acts of Richardson and Flahiff, Plaintiffs have been and are expected to suffer damages that exceed $75,000.00.

XVI.

On March 12, 2008, the Court entered a corrected Order indicating that Heartland was the only remaining defendant upon reversion to the original Complaint. Richardson and Flahiff persist in their refusal to release the *Lis Pendens*.

INTENTIONAL INTERFERENCE WITH PROPERTY RIGHTS

XVII.

The foregoing Paragraphs I through XVI are hereby incorporated herein by reference.

XVIII.

Richardson and Flahiff committed the above-described acts and omissions maliciously, solely to abort, destroy and frustrate Plaintiffs' opportunity to sell lots described in the *Lis Pendens*, not to advance the legitimate interests of Richardson and Flahiff, but with the willful intent to injure Plaintiffs.

ABUSE OF PROCESS

XIX.

The foregoing Paragraphs I through XVIII are hereby incorporated herein by reference.

XX.

All of the above acts on the part of Richardson and Flahiff were malicious, were without any just or probable cause, were illegal and oppressive, and were done with the wanton and reckless disregard of the rights of the Plaintiffs and with the intent of causing Plaintiffs to lose the opportunity to sell their lots described in the *Lis Pendens*.

COMPLAINT - 6
DYVER-BARTON.Complaint.050908

MALICIOUS PROSECUTION

XXI.

The foregoing Paragraphs I through XX are hereby incorporated herein by reference as though fully set forth.

XXII.

Richardson and Flahiff wrongfully, maliciously and without probable cause and for the purpose of harassing and annoying Plaintiffs filed said *Lis Pendens* and wrongfully, maliciously and without probable cause have refused and neglected to release the *Lis Pendens* as demanded.

XXIII.

The allegations regarding Plaintiffs in the Notice of *Lis Pendens* were, and each of them was, on and after February 22, 2008, false and untrue.

XXIV.

The recording of the *Lis Pendens* and the refusal to release the *Lis Pendens* was with the intent to prevent Plaintiffs from making sales of their lots and to cause it to be suspected and believed by the world at large that Plaintiffs' title was not good, notwithstanding that Plaintiffs' title is good.

WHEREFORE, Plaintiffs pray for judgment against the Richardson and Flahiff as follows:

1. That the Plaintiffs be awarded damages against the Defendants jointly and severally in a sum to be determined at trial.

2. That the Plaintiffs be awarded punitive damages against the Defendants, and each of them, jointly and severally, equal to at least four times actual damages but not less than $500,000.00.

COMPLAINT - 7
DYVER-BARTON.Complaint.050908

3. That this Court enter an Order requiring, mandating and directing that the Defendants, and each of them, cause the *Lis Pendens* to be released.

4. That the Plaintiffs be awarded their attorney fees and costs in the commencement and prosecution of this action, which attorney fees shall not be less than $5,000.00 in the event judgment is obtained by default.

5. For such other and further relief as to the Court seems just and equitable.

DATED this 9th day of May, 2008.

WESTBERG, McCABE & COLLINS, CTD.

By _____
Paul L. Westberg

COMPLAINT - 8
DYVER-BARTON.Complaint.050908